**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BREWER'S BODY SHOP, INC., ET AL**                              **PLAINTIFFS**

**VS.**                                                                              **CASE NO.: 6:14-CV-6002**
                                                                                          **MDL CASE NO: 6:14-MD-2557**

**STATE FARM MUTUAL AUTOMOBILE**
   **INSURANCE CO., ET AL**

---

**PLAINTIFFS' OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION**

---

COME NOW, the Plaintiffs in the above captioned cause and submit this, their Objection to the Magistrate's Report and Recommendation, Doc. No. 78, and state the following to the Court:

With the exceptions discussed below, the Plaintiffs do not interpose objection to the Report and Recommendation. Objection is limited to the recommendations regarding Count I, Quantum Meruit as Plaintiffs believe the results and effect of which are not what either the Court or the law intends, as well as an unintended application of essential elements of the claim at the urging of the Defendants, Count III, Violations of the Tennessee Consumer Protection Act, Count IV, Tortious Interference with Business Relations.

As the arguments in objection on Counts I and IV are interwoven, Plaintiffs present this argument together.

**<u>Count I-Quantum Meruit and Count IV-Tortious Interference with Business Relations</u>**

In its Report and Recommendation, the Court recommended dismissal of this claim without prejudice on the ground that the allegations of the Complaint alleged the Plaintiffs had entered into an express contract with the Defendants and therefore equitable remedies are unavailable.

With great respect, the Plaintiff requests the Court reconsider its findings in light of the following.

(1) Express Contract

In finding the existence of an express contract between the parties, the Court relied upon both the assertion of same by the moving Defendants and language regarding DRPs in the Amended Complaint.

With respect to the former, as the Plaintiffs have not asserted the existence of a contract between them, have strongly denied the existence of any contract between them, the assertion by the Defendants of the existence of such can only be characterized as an affirmative defense. Under Rule 8© of the Federal Rules of Civil Procedure, any avoidance or affirmative defense must be set forth in the answer. The Defendant bears the burden of proof for affirmative defenses. *SE Prop. Holdings, LLC v. McElheney*, 2015 U.S. Dist. LEXIS 14632, *7 (N.D. Fla. Feb. 6, 2015), *Gambon v. R & F Enters.*, 2014 U.S. Dist. LEXIS 179125, *11 (M.D. Fla. Dec. 2, 2014).

The Defendants' mere assertion of the existence of a contract does not establish its existence, thus the unquestionable allocation of proof upon the defendant for such claims. Under both Florida and Indiana law, the existence of an enforceable contract is a question of law. See, *McNaughten v. Lunan*, 2010 Tenn. App. LEXIS 334 (Tenn. Ct. App. May 14, 2010) and *Beharrie-Lue v. Felt Home Care, Inc.*, 2010 U.S. Dist. LEXIS 90189, *2 (S.D. Fla. July 28, 2010).

Further, the existence of an enforceable contract resulting from a "meeting of the minds" is to be determined not only by the words used, but in light of the parties' acts, conduct, and the entirety of the circumstances. *Tetra Tech, Inc. v. Performa Entm't Real Estate, Inc.*, 2008 Tenn. App. LEXIS 595 (Tenn. Ct. App. Oct. 3, 2008).

The Plaintiffs' conduct and prior acts do not indicate the existence of a contract. On the contrary, Plaintiffs have been repeatedly punished by the Defendants through steering, defamatory statements impugning the integrity and quality of their work and other actionable conduct set out in the Complaint.

With respect to the contents of the Complaint, Plaintiffs respectfully disagree with the interpretation applied. Explicitly, nowhere in the Complaint do the Plaintiffs allege they have or ever had a valid contract with any Defendant. The Court assumes that DRPs represent valid, binding contracts. To form a valid contract under Tennessee law, there must be between the parties an offer, acceptance, consideration, and meeting of the minds without variance of terms between offer and acceptance or there is no valid contract. *Sefers v. Chrysler Corp.,* 1991 Tenn. App. LEXIS 224 (Tenn. Ct. App. Apr. 8, 1991).

As noted above, the Plaintiffs have not asserted the existence of a contract, nor pursued their business interactions as if there was a meeting of the minds. Even if one can reasonably assume an offer was ever made by any Defendant to any Plaintiff, it can equally be assumed there was no meeting of the minds as Plaintiffs have suffered the wrath of Defendants for their failure to comply with the fixed prices and other efforts by the Defendants.

In the present case, the Defendants have asked this Court to find the existence of a contract based upon a complaint, which does not actually allege the existence of a contract. The Court has not been presented with any document purporting to be a contract, has not reviewed the contents of such a document, has not determined the document constitutes an enforceable and binding contract. The Defendants have not even presented any information with which this Court may determine which state's law would apply to such an analysis.

In sum, the Defendants have asked this Court to allow them to leap frog over their affirmative obligations, excuse them from their burden of proof and make assumptions they should not be asking the Court to make.

Additionally, the Defendants' argument inchoately compels the conclusion that Plaintiffs are required to anticipate they would assert the existence of a contract and include assertions to defeat the same in the complaint. A plaintiff is not required to negate an affirmative defense in the complaint. *Perlman v. Bank of Am., N.A.*, 561 Fed. Appx. 810, 813 (11th Cir. 2014).

As the Plaintiffs did not assert the existence of a contract, nor are they required to negate the existence of the same in the complaint, and the Defendants bear the burden of pleading and proving the same, Plaintiffs respectfully submit their request this recommendation should be reconsidered.

(2) <u>Tortious Interference with Business Relations</u>

The issued Report and Recommendation submits the Plaintiffs must identify specifically which Defendants interfered with which Plaintiffs. Respectfully, this is not the pleading standard for Rule 8 of the Federal Rules of Civil Procedure.

Tortious interference claims are subject to Rule 8, requiring only a short and plain statement of the facts. In discussing Rule 8, the Supreme Court has stated most clearly, '"we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007).

The Report and Recommendation specifically contravenes express, unambiguous direction by the Supreme Court by requiring specific identification of each tortious interference by each Defendant against each Plaintiff.

Furthermore, the requirement seeks to compel Plaintiffs to produce information which is peculiarly within the possession and control of the Defendants. See, e.g., *Gaylor v. Ga. Dep't of Natural Res.*, 2012 U.S. Dist. LEXIS 115019 (N.D. Ga. Aug. 15, 2012).

Even were this actually a Rule 9(b) case, this level of specificity would not be required under the circumstances. Even asserting fraud, which is unarguably subject to the pleading requirements of Rule 9, courts have relaxed the specificity requirement where, as here, the full facts are within the possession and control of the Defendants. See, e.g., *Craftmatic Sec. Litigation v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. Pa. 1989). Courts reached this conclusion because they "must be sensitive to the fact that application of Rule 9(b) prior to discovery may permit sophisticated defrauders to successfully conceal the details of their fraud." *Id.* (Internal punctuation omitted*).*

The present Recommendation imposes a higher pleading standard than any Rule of Procedure applicable, higher than the explicit direction and holdings of the Supreme Court.

Additionally, the Recommendation makes the unsupported assumption that preferred shops cannot be the victim of steering. Assuming the Court defines "preferred shop" as one associated with a DRP, the allegations of the Complaint stand in direct contract to this assumption. Paragraphs 43 and 91, for example allege DRP shops may be punished by steering (tortious interference) specifically to bring the nonconforming shop "back into line."

Which directly connects to the Recommendation finding the existence of a contract between the parties. The Recommendation not only places upon the Plaintiff the Defendants' affirmative defense requirements, forecloses two causes of action, and imposes a higher pleading requirement than even that required by Rule 9(b), it requires the Plaintiffs to set forth complete facts that are only within the possession and control of the Defendants.

Plaintiffs respectfully submit these burdens are not the Plaintiffs' to bear under authority of the Supreme Court and the State of Tennessee.

**Count III–Violation of the Tennessee Consumer Protection Act**

The Report and Recommendation finds that when directed at an insurer, claims of unfair trade practices constitute the business of insurance. Respectfully, Supreme Court authority disagrees with this conclusion.

The Supreme Court, in interpreting the "business of insurance" exception of the McCarren-Ferguson Act specifically found that for purposes of the "business of insurance," underwriting and the spreading of risk were indispensable characteristics of actions constitute the "business of insurance." In the absence of these characteristics, the activities do not constitute the "business of insurance." *Group Life & Health Ins. Co. v. Royal Drug Co.*, 440 U.S. 205, 212 (U.S. 1979).

Further, the Court held that payment arrangements between pharmacies and insurance companies are specifically <u>not</u> the business of insurance but merely the "business of insurance companies:" "The fallacy of the petitioners' position is that they confuse the obligations of Blue Shield under its insurance policies, which insure against the risk that policyholders will be unable to pay for prescription drugs during the period of coverage, and the agreements between Blue Shield and the participating pharmacies, which serve only to minimize the costs Blue Shield incurs in fulfilling its underwriting obligation." *Id.* at 213.

"If agreements between an insurer and retail pharmacists are the "business of insurance" because they reduce the insurer's costs, then so are all other agreements insurers may make to keep their costs under control -- **whether with automobile body repair shops** or landlords. Such agreements would be exempt from the antitrust laws if Congress had extended the coverage of the

McCarran-Ferguson Act to the "business of insurance companies." But that is precisely what Congress did not do."

"Application of this principle is particularly appropriate in this case because the Pharmacy Agreements involve parties wholly outside the insurance industry." *Id* at 231.

The Supreme Court has clearly put the business actions between insurance companies and other industries outside the business of insurance. The Court specifically recognized automobile body repair shops, such as the Plaintiffs, as dealings outside the business of insurance.

In as much as there is clear authority removing the business dealings between insurers and body shops unequivocally outside the business of insurance, Plaintiffs respectfully object to the Report and Recommendation.

Respectfully submitted, this the 16th day of March, 2015.

**BREWER'S BODY SHOP, INC., ET AL**

**BY:** ___/s/ Allison P. Fry___
John Arthur Eaves, Jr.
Allison P. Fry
William R. Sevier

Attorneys for the Plaintiff

John Arthur Eaves,
Attorneys at Law
101 N. State Street
Jackson, MS 39201
Telephone:   601.355.7961
Facsimile:     601.355.0530
allison@eaveslaw.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Plaintiff's Response to Defendants' Motion to Dismiss has been served electronically via the ECF system all counsel of record registered to receive note.

/s/ Allison P. Fry